(65 Misc. Rep. 158.)

PEOPLE ex rel. JOHNSON et al., Board of Park Com'rs, v. BARROWS et al., Board of Water Com'rs.

(Supreme Court, Special Term, Erie County. September, 1909.)

WATERS AND WATER COURSES (§ 203*) — MUNICIPAL WATER SUPPLY — USE FOR PARK PURPOSES—PAYMENT.

Olean City Charter, § 64, provides that in the event the entire annual receipts of the city for water supply, after deducting expense for repairs in any year, shall not be sufficient to pay the interest or principal of the water debt then falling due, or the amount to be added to the sinking fund, the common council shall cause such deficiency to be collected from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taxable property of the city. It is also provided by statute that funds used by the board of park commissioners must be provided by general taxation. *Held* that, notwithstanding the provision authorizing the water commissioners to fix water rates so that the expense shall be discharged by the consumers, the commissioners had no authority to shut off the supply of water to the city's parks for public purposes because of the city's failure to raise by general tax sufficient funds to pay a deficit in the accounts of the commissioners, or for the park commissioners' refusal to pay a balance alleged to be due for water previously furnished for park purposes.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

Application of the People, on the relation of John Johnson and others, constituting the Board of Park Commissioners of the City of Olean, N. Y., against David E. Barrows and others, constituting the Board of Water Commissioners of that city, to compel defendants to supply water for parks. Application granted.

Allen J. Hastings, for relators.
M. B. Jewell, for defendants.

BROWN, J. The board of water commissioners of the city of Olean rendered an account to the board of park commissioners of the same city in August, 1909, of $30.16, for water from November, 1908, to November, 1909, used in the park house, on park lawns, park fountain, and for flower beds, all in public park of said city. The park commissioners refused to pay such account, and the board of water commissioners, August 28, 1909, shut off such water supply. The board of park commissioners make this application for a writ of peremptory mandamus compelling the board of water commissioners to turn on such water or continue its supply, alleging that such act of shutting off such water was unauthorized. The board of water commissioners contends that inasmuch as it is provided by statute that such board shall fix rates for use of water, so that the expense of producing water, maintaining plant, and retiring bonds, etc., shall be discharged and paid by the consumers of such water, it must necessarily follow that the amount of the city of Olean's contribution towards such expense shall be determined solely by the amount of water consumed by the city, and that to carry out such plan the board of park commissioners must pay for all water used in the public park at the same rate per gallon as any private consumer; that the city's share of such expense furnished to public parks for the year 1909 is the sum of $30.16; and that for the failure of the board of park commissioners to pay this account the board of water commissioners have authority to shut off the water, under the rules governing the procedure for nonpayment of a private consumer's water bill. It is also the contention of the board of water commissioners that, the statute contemplating the payment of the entire water expense by the consumer, it would be unfair and unjust for some consumers to pay for water actually used at a fixed price per gallon, and allow the city to pay its water bills by general taxation, without regard to the amount of water consumed.

The contention of the board of water commissioners cannot be maintained. It is provided by statute (section 64 of the charter of the city of Olean) that in the event the entire annual receipts for water rates, after deducting the expense for repairs, etc., in any year, shall not be sufficient to pay the interest or principal of the water debt then falling due, or the amount to be added to the sinking fund, then it shall be the duty of the common council of the city to cause such deficiency to be assessed, levied, and collected from the taxable property of said city. It is also provided by statute that funds used by the board of park commissioners must be provided by general taxation. It is evident that the amount of $30.16 must be paid by the city of Olean by general tax, either as a deficit in the board of water commissioner's accounts or as an account of the board of park commissioners. If this amount of $30.16 is to be raised by general tax, it is quite immaterial whether it be paid by the city treasurer to the board of park commissioners and by the board of park commissioners to the board of water commissioners, or whether it be paid by the city treasurer direct to the board of water commissioners, and the manner of its liquidation is simply a matter of bookkeeping.

I have been referred to no statute that authorizes the board of water commissioners to shut off the water supply from the city park for the failure of the city of Olean to pay this account. There is no statute authorizing the board of water commissioners to shut off the water supply used by the city of Olean for public purposes upon the failure of the city authorities to raise by a general tax sufficient funds to pay any deficit in the board of water commissioners' accounts. The conclusion is necessarily reached that the act of the board of water commissioners in shutting off the water supply for public use in the Olean city park for the nonpayment of the account of $30.16 was unauthorized.

Let a peremptory writ of mandamus issue, directing the respondents to forthwith turn on the water in the pipe lines extending into the public park of the city of Olean, and permitting the board of park commissioners to use such water for the city's park.